■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARK HOLDER, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 16, 1972, convicting him of murder and arson in the second degree, upon a jury verdict and sentencing him to concurrent indeterminate prison terms of 15 years to life on the murder conviction and not to exceed seven years on the arson, second degree conviction. Judgment reversed, on the law, appellant's January 20, 1972 and January 24, 1972 Philadelphia statements to the police are suppressed and a new trial is granted. The People adduced evidence that as a result of friction between two factions of the Black Panther organization, one faction, on April 17, 1971, in retaliation for the shooting to death of one of their members, shot to death Samuel Napier, a member in charge of the Corona, Queens newspaper distribution center of the other faction, and set fire to the Corona quarters. Appellant was arrested in Philadelphia at approximately 7:30 P.M. on January 19, 1972, taken to the Philadelphia Police Administration Building at 9:00 P.M., and handcuffed to a fixed metal chair in an 8 foot by 12 foot windowless interrogation room (containing a two-way mirror) from approximately 9:30 P.M. on January 19, 1972 until about 11:17 P.M. on January 20, 1972, except for some extremely brief interludes in which he was fed or granted toilet privileges, and (on January 20, 1972 from about 5:05 P.M. to 9:10 P.M.) he was in a polygraph examination room. Although only 17, he had left home, was a Black Panther and had previously been in Virginia, Georgia and Florida. During this 26-hour interrogation period he was lawyerless but having allegedly waived his rights, was questioned by teams of police officers. Appellant made incriminating admissions on the afternoon of January 20, 1972. Although Philadelphia had a 24-hour arraignment court, appellant was not taken to court until January 21, 1972, at which time counsel appeared for him and obtained a court direction on the commitment order that appellant not be removed from detention until the next court hearing, January 28, 1972. In spite of this direction, on January 24, 1972, appellant was removed to the Philadelphia Police Administration Building (clearly without the consent of court counsel) and there interrogated by a New York City detective for nearly three hours, during which period he made further incriminating admissions, after being reminded that he had already spoken to other police officers and that "this is your big one, kid". Although tape recorders, film and videotape machines were available at the Philadelphia Police Administration Building, they were not used to record appellant's statements of January 20, and 24, nor were these statements reduced to a formal writing and signed by appellant. In our opinion, the appellant's Philadelphia statements of January 20, 1972 and January 24, 1972 should have been suppressed by the trial court. The *Huntley* hearing evidence was insufficient to establish beyond a reasonable doubt that these statements were voluntary; the People did not meet their burden of proof (see *People* v. *Huntley,* 15 N Y 2d 72); under the totality of the circumstances, the statements were the product of coercion by attrition (see *Gallegos* v. *Colorado,* 370 U. S. 49, rehearing den. 370 U. S. 965; *Commonwealth* v. *Tingle,* 451 Pa. 241). Finally, at the *Huntley* hearing, defense counsel was unduly restricted with respect to his attempt to examine Detective Thornhill as to Thornhill's 9:00 A.M. — 2:00 P.M. January 20 interrogation (see *People* v. *Whitmore,* 27 A D 2d 939). In view of our reversal of the judgment of conviction, we find it unnecessary to discuss the other alleged claims of error, most of which are palpably without merit. Hopkins, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.